[Civ. No. 6419. First Appellate District, Division Two.—August 14, 1928.]

FREDERICK PETERSON, Appellant, v. THE BOARD OF SUPERVISORS OF SAN MATEO COUNTY et al., Respondents.

John F. Davis and Fletcher A. Cutler for Appellant.

Franklin Swart, District Attorney, for Respondents.

WARNE, P. J., *pro tem.*—▮▮ By petition filed in the superior court of San Mateo County appellant asked for a writ of mandate commanding the Board of Supervisors of said San Mateo County to redistrict the supervisorial districts of said county. The complaint alleges in substance that San Mateo County is divided into five supervisorial districts; that the present supervisorial districts were established by ordinance in the year 1901, and that said supervisorial districts have not been changed since said time; that since said time the population of said county has greatly increased so "that as the supervisorial districts are now situated and exist the vote of a registered voter of district numbered 4 is equal to fourteen votes of district numbered 2 and the vote of a registered voter of district numbered 5 is equal to nineteen votes of district numbered 2 and equal to sixteen votes of district numbered 1; that the population as now exists in the said five supervisorial districts is not as equal in population as may be, but is grossly unequal as between said supervisorial districts." "That on the 25th day of July, 1925, . . . petitioner (appellant) and seven other tax payers, registered voters of district number 2, signed and filed a petition with the County Clerk of San Mateo County, asking that said board of supervisors by ordinance redistrict the said San Mateo County, and change the boundaries of the said supervisorial districts, so that they would be 'as nearly equal in population as may be' in conformity with the provisions of section 4029 of the Political Code of the State of California, and other provisions of the statutes of said State, and in con-

formity with the Constitution of this State; that it then and there, pursuant to said law, became the duty of said board to redistrict the county into five supervisorial districts. . . . " "That said petition was presented to said Board and after hearing same, said Board made an order refusing to redistrict the county as requested or at all, and at the present time do refuse to redistrict said county of San Mateo, or to take any action whatsoever towards redistricting said county of San Mateo, as required by law of the state of California; that the foregoing facts were all admitted to be true; that said board arbitrarily and without cause or excuse unlawfully refused to grant said petition to redistrict the county of San Mateo in any manner, and still refuses to do so." The petition further alleges that appellant "has not any plain, speedy or adequate remedy in the ordinary course of law."

The respondents interposed a demurrer to the petition upon the ground that "said petition does not state facts sufficient to constitute a cause of action against said defendants (respondents) or any one of said defendants; further, that there is another action pending involving the same matters, between the same parties." With the demurrer, and as a part thereof, respondents filed a special plea in abatement. The trial court sustained the demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action and overruled the special plea "without prejudice." Appellant failed to amend and judgment was entered in favor of the respondents herein dismissing said petition. Appellant has appealed from the judgment.

Appellant contends that under the statement of facts as set forth in his petition, he is entitled as a matter of law to the relief which he seeks by reason of the provisions of section 4029 of the Political Code. Said section reads as follows:

"The board of supervisors *may*, by a two thirds vote of the members of said board, change the boundaries of any or all of the supervisor districts of a county. Said districts shall be as nearly equal in population as may be. The boundaries of no supervisor district shall at any time be changed in such manner as to affect the term of office of any supervisor who has been elected, and whose term of office

has not expired. No change in the boundaries of any supervisor district shall be made within ninety days next preceding a general election.''

Appellant argues that the word ''may'' as used in said section means shall or must. That it is mandatory when applied to a public duty, and not directory. In support of his contention appellant quotes the rule for construing the meaning of the word ''may'' as laid down in 26 Cyclopedia of Law and Procedure, page 1590, which is as follows:

''As used in the statutes, in its ordinary sense the word (may) is permissive and not mandatory, merely importing permission, ability, possibility or contingency; but it has been properly construed as employed in an imperative or mandatory sense when the legislature imposes a positive duty and not a discretion or where a public duty is involved, where a right is given or a duty imposed, where the public interest, or where a matter of public policy and not merely a private right is involved, where the statute directs the doing of a thing for the sake of justice or the public good, or where the statute imposes a duty or confers a power on a public officer for public purposes. . . . ''

To the same effect appellant cites the case of *Hayes* v. *County of Los Angeles,* 99 Cal. 76 [33 Pac. 766], and *Matter of Application of Cencinino,* 31 Cal. App. 238 [160 Pac. 167], to the same effect.

We concede that the rule is as laid down above, but we do not believe that it is applicable to the case at bar in the sense that the word ''may'' as used in section 4029 of the Political Code should be construed to read ''shall'' or ''must.'' It is our opinion that the word ''may,'' as used in said section, is used in the permissive sense. By section 4041, subdivision 2, of the Political Code of this state the power is vested in boards of supervisors ''to divide the counties into townships, election, school, road, supervisor, sanitary and other districts required by law, change the same, and create others, as convenience requires.'' However, supervisorial districts may only be changed by a two-thirds vote of the members of the Board of Supervisors (Pol. Code, sec. 4029). Appellant would have us read section 4029 of the Political Code as meaning that whenever there exists an inequality of electors in the supervisorial districts in a county, the Board of Supervisors of such county must

change the boundaries of the supervisorial districts so that said districts shall be as nearly equal in population as may be. There is nothing in the language of either section 4029 or 4041 of the Political Code that warrants such a construction. There is nothing therein imposing a positive duty on Boards of Supervisors to change the boundaries of supervisorial districts by reason of inequalities resulting from the movement or change in population.

We believe that it was the intention of the legislature in enacting section 4029 of the Political Code to vest Boards of Supervisors with permission to change their supervisorial districts as convenience requires, but only then by a two-thirds vote of their members, and that in the event such districts are changed, the then changed or newly established supervisorial districts "shall be as nearly equal in population as may be." Such was apparently the meaning placed upon section 4029 of the Political Code by the supreme court of this state in the case of *Harnett* v. *County of Sacramento*, 195 Cal. 676 [235 Pac. 445]. If such was not also the intent of the legislature, what was the necessity of requiring a two-thirds vote of the members of a board before a change can be made?

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 13, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1928.

All the Justices concurred.