[Civ. No. 4765. Third Appellate District.—March 31, 1933.]

EARNEST DOZIER, Appellant, v. THE BOARD OF SUPERVISORS OF SHASTA COUNTY et al., Respondents.

Fred C. Pugh for Appellant.

Albert F. Ross, District Attorney, for Respondents.

PARKER, J., *pro tem.*—This is a *mandamus* proceeding to compel the Board of Supervisors of the County of Shasta to redistrict said county into supervisorial districts because of gross inequality of said districts in population. The court below denied the writ and petitioner appeals.

It is conceded that in 1921 the Board of Supervisors passed an ordinance, dividing the county into supervisorial districts, which ordinance is still in effect. Further it is conceded that the districts by said ordinance established are not as nearly equal in population as may be.

Section 4029 of the Political Code reads as follows: "The Board of Supervisors may, by a two-thirds vote of the members of said Board, change the boundaries of any or all of the supervisor districts of a county. Said districts shall be as nearly equal in population as may be. The boundaries of no supervisor district shall at any time be changed in such manner as to affect the term of office of any supervisor who has been elected and whose term of office has not expired. No change in the boundaries of any supervisor district shall be made within ninety days next preceding a general election."

The real question here presented is concerning the power of the court to compel by mandate a redistricting of the County of Shasta into supervisorial districts equal in population. A complete answer is to be found in the case of *Peterson* v. *Board of Supervisors*, 93 Cal. App. 490 [269 Pac. 743]. We need not quote from the language of the case, but adopt the opinion in its entirety. Suffice to say here that the court there held that *mandamus* does not lie.

The plaintiff-petitioner seeks to have declared void the former ordinances of the supervisors dating back to 1904, by which ordinances supervisorial districts were established. It is contended that in all and each of these said ordinances section 4029 of the Political Code was disregarded and inequality of population within the respective districts was created.

In *Harnett* v. *County of Sacramento*, 195 Cal. 676 [235 Pac. 445], it was held that a redistricting ordinance such as prohibited by the terms of section 4029 of the Political Code was void. However, in that case the relief sought and obtained affected a present condition. Here, we are asked to go back through the years to 1904 and declare a then existing ordinance void. Thus, we create uncertainty and vexation and bring into dispute the political life of a county and its people for more than a quarter of a century past. Not such relief does the time require. As outlined in the Harnett case, *supra*, a redistricting may be effected by initiative should the supervisors fail to act, or the supervisors might be persuaded to see the error of their ways and redistrict at once.

The Peterson case holds flatly that the supervisors may or may not change the districts as in the discretion of the board may seem best. The code section reads: "Said districts shall be as nearly equal in population *as may be.*"

Notwithstanding certain language in the Harnett case, the question of equality of representation is not one entirely of population. The United States senate and, indeed, the state senate of California, is organized upon the plan of geographical representation as well as numerical representation. In a county where there is but one large city wherein two-thirds, or possibly three-fourths, of the population of the county reside, a redistricting by population alone might be difficult and more likely unwise. Without exhaustive discussion it is obvious that there are many factors entering into a reasonable exercise of the discretion vested in the Board of Supervisors.

It is our opinion that the court properly denied the writ of mandate sought.

Judgment and order affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1933.