[Sac. No. 3651. In Bank.—March 27, 1925.]

## CHARLES E. HARNETT, Respondent, v. COUNTY OF SACRAMENTO et al., Appellants.

[1] ELECTION LAW—SUFFRAGE—RIGHTS OF ELECTORS.—That electors shall have equal weight in exercising the right of suffrage is a cardinal principle of representative government.

[2] ID. — EQUALITY OF REPRESENTATION — SECTION 4029, POLITICAL CODE—CONSTITUTIONAL LAW.—The equality of representation required by section 4029 of the Political Code, giving boards of supervisors power to change the boundaries of any or all of the supervisorial districts of a county, but providing that said districts shall be as nearly equal in population as may be, is a fundamental requirement of the form of government prevailing in this state, and the enactment of that section of the code is plainly an exercise by the state legislature of the power conferred on it by article XI, section 4, of the constitution, providing that the legislature shall establish a system of county governments, which shall be uniform throughout the state.

---

2. See 7 Cal. Jur. 456.

[3] ID.—SUPERVISORIAL DISTRICTS—EQUALITY OF POPULATION—COUNTY GOVERNMENT. — Practical equality of population in the supervisorial districts is not a purely local matter, but it is a vital part of the structure of government which has been established in the counties and must be adhered to if consistency in form is to be maintained throughout the state.

[4] ID.—ARTICLE IV, SECTION 1, CONSTITUTION—INITIATIVE POWERS— RESERVATION TO ELECTORS—COUNTY GOVERNMENTS—UNIFORMITY.— The fact that article IV, section 1, of the constitution, reserving initiative powers to the electors of counties, itself applies alike to all counties, is not sufficient to satisfy the requirements of article XI, section 4, as to uniformity, for the latter section requires the establishment by the legislature of a system of county government applicable throughout the entire state; and the alteration of any material component part of this system in any one or more counties by the electors thereof would constitute a deviation from the uniform system originated by the state legislature and contemplated and commanded by said article XI, section 4, of the constitution.

[5] ID.—ARTICLE IV, SECTION 1, AND ARTICLE XI, SECTION 4, CONSTITUTION—CONSTRUCTION.—Since article IV, section 1, and article XI, section 4, of the constitution, may be harmonized without unduly restricting the operation of either, and since there is a total absence of any indication to the contrary in the constitution, the reservation of the initiative power to the electors of the counties does not authorize any legislation by the electors of a county in contravention of any statute passed by the state legislature under the authority of that section of the constitution requiring the establishment of a uniform system of county governments, and section 4029 of the Political Code is a statute within the section last mentioned.

[6] ID.—COUNTY GOVERNMENTS—UNIFORMITY—CONSTITUTIONAL LAW— ELECTORS OF COUNTIES — SECTION 4029, POLITICAL CODE. — When the state legislature has enacted statutes under its constitutional authority to establish a system of county governments uniform throughout the state, the electors of a county acquire, by virtue of article IV, section 1, of the constitution, no greater powers than the board of supervisors possesses as to the matters within the terms of those particular statutes; and the fact that section 4029 of the Political Code does not mention the electors of the county, but refers only to the board of supervisors, is immaterial.

[7] ID.—ORDINANCES—PRESUMPTION OF VALIDITY.—The invalidity of an ordinance in force will not be presumed, and if supervisorial districts were practically equal in population when an ordinance establishing their boundaries was passed, subsequent inequalities, resulting from movement of population, would not

render the ordinance invalid; and although a proposed ordinance to change the boundaries of some of the supervisorial districts of a county would result in less inequality than now exists, and the county should be redistricted so as to avoid present inequalities, this would not justify an ordinance which provides for gross inequalities.

[8] ID.—LEGISLATIVE ACT—INJUNCTION.—While courts will not enjoin the passage of an act by a legislative body solely upon the ground that it will be a void enactment, nor as a general rule interfere with the holding of an election when the election is provided for by a valid law and the forms prescribed by that law have been complied with by the authorities, there are exceptions to these rules, and where it is proposed to hold an election for the submission of a measure to the popular vote and that measure will be wholly void and inoperative even if adopted by the people, the courts may, at the instance of a resident taxpayer, enjoin the holding of the election upon the ground that it will be a useless expenditure and waste of public money, there being no other adequate remedy for the protection of the rights of the taxpayers in such a situation and political rights are not curtailed.

(1) 20 **C. J.**, p. 61, n. 39 New.   (2) 15 **C. J.**, p. 416, n. 41 New, p. 421, n. 19.   (3) 15 **C. J.**, p. 416, n. 41 New.   (4) 15 **C. J.**, p. 421, n. 24 New.   (5) 15 **C. J.**, p. 416, n. 41 New, p. 421, n. 24 New. (6) *15* **C. J.**, p. *416*, n. 41 New.   (7) *15* **C. J.**, p. 416, n. 41 New, p. 470, n. 96 New.   (8) 32 **C. J.**, p. 255, n. 65, p. 256, n. 75, p. 262, n. 45, p. 263, n. 47.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. J. Henderson, District Attorney, Ben P. Tabor, Assistant District Attorney, Theo. W. Chester and J. M. Inman for Appellants.

Hughes, Bradford, Cross & Prior for Respondent.

H. A. Postlethwaite, *Amicus Curiae.*

8. Injunction against enactment of void municipal ordinance, note, 36 **Am. St. Rep.** 449.

Power to enjoin elections, notes, 9 Ann. Cas. 123; **Ann. Cas.** 1912A, 723; **Ann. Cas.** 1918E, 1153. See, also, 14 **R. C. L.** 438; 14 **Cal. Jur.** 203, 204.

LENNON, J.—Defendants appeal from a judgment enjoining and restraining them from submitting to the electors of the county of Sacramento a measure proposed by initiative petition under the provisions of article IV, section 1 of the constitution of the state of California. The purpose of the measure is to change the boundaries of three of the five supervisorial districts of the county of Sacramento, leaving the remaining two districts as they now stand.

Judgment was rendered upon the pleadings. From the complaint it appears that the population of Sacramento County is distributed among the five proposed supervisoral districts as follows: District number 1, 35,187; district number 2, 34,500; district number 3, 29,583; district number 4, 17,877; district number 5, 11,712. The plaintiff, who is a resident taxpayer and qualified elector of proposed supervisorial district number 2, contends, and the trial court held that the contemplated election would be a waste of the public money of the county of Sacramento and an improper and illegal expenditure thereof for the reason that, even if the initiative proposition sought to be submitted at such election were adopted by the electors, it would be a nullity because it would constitute a violation of section 4029 of the Political Code, which provides that: "The board of supervisors may, by a two thirds vote of the members of said board, change the boundaries of any or all of the supervisor districts of a county. Said districts shall be as nearly equal in population as may be. . . . " Article IV, section 1 of the California constitution, by virtue of which it is sought to submit the proposed ordinance to the electors, after reserving to the people of the state the power to propose laws and amendments to the constitution, and to reject any act enacted by the legislature, provides: "The initiative and referendum powers of the people are hereby further reserved to the electors of each county, city and county, city and town of the state, to be exercised under such procedure as may be provided by law. . . . In the submission to the electors of any measure under this section, all officers shall be guided by the general laws of this state, except as is herein otherwise provided. This section is self-

executing, but legislation may be enacted to facilitate its operation, but in no way limiting or restricting either the provisions of this section or the powers herein reserved." Placing reliance upon this constitutional provision, defendants urge that the state legislature is without power to limit or restrict the initiative power thus reserved to the people of the various counties, cities and towns of the state, and therefore that section 4029 of the Political Code, above referred to, has no application to the initiative proposition here under consideration.

[1] That electors shall have equal weight in exercising the right of suffrage is a cardinal principle of representative government. (*State* v. *Hitchcock,* 241 Mo. 433 [146 S. W. 40, 64].) The matter of equality of representation was regarded as so much a principle of our American system of free government that an unequal division of a county into commissioner districts was held to be void even where no statute specifically required an even division. (*State* v. *Moorhead,* 99 Neb. 527 [156 N. W. 1067].) [2] The equality of representation required by section 4029 of the Political Code is a fundamental requirement of the form of government prevailing in this state, and the enactment of that section of the code is plainly an exercise by the state legislature of the power conferred on it by article XI, section 4, of the constitution, which provides: "The legislature shall establish a system of county governments, which shall be uniform throughout the state." [3] Practical equality of population in the supervisorial districts is not a purely local matter. It is a vital part of the structure of government which has been established in the counties and must be adhered to if consistency in form is to be maintained throughout the state. [4] It cannot be said, as contended by defendants, that the fact that article IV, section 1, of the constitution, reserving initiative powers to the electors of the counties, itself applies alike to all counties, is sufficient to satisfy the requirements of acticle XI, section 4, as to uniformity, for the latter section requires the establishment by the legislature of a system of county government applicable throughout the entire state; and the alteration of any material component part of this system in any one or more counties by the electors thereof would constitute a deviation from

the uniform system originated by the state legislature and contemplated and commanded by article XI, section 4. [5] Since article IV, section 1, and article XI, section 4, of the constitution may be harmonized without unduly restricting the operation of either, and since there is a total absence of any indication to the contrary in the constitution, we conclude that the reservation of the initiative power to the electors of the counties does not authorize any legislation by the electors of a county in contravention of any statute passed by the state legislature under the authority of that section of the constitution requiring the establishment of a uniform system of county governments, and that section 4029, Political Code, is a statute within the section last mentioned. Nothing stated in the case of *Hill* v. *Board of Supervisors,* 176 Cal. 84 [167 Pac. 514], is contrary to this conclusion, for the court was there considering the right of the county electors directly to adopt or reject an ordinance passed by the board of supervisors which was unquestionably within the legislative powers of the board. Likewise, this conclusion is not in conflict with the cases of *Coulter* v. *Pool,* 187 Cal. 181 [201 Pac. 120], and *Scheafer* v. *Herman,* 172 Cal. 338 [155 Pac. 1084], for sections 7½ and 8 of article XI, which those cases discuss, expressly provide that sections 4 and 5 of article XI shall not be operative as to counties and municipalities which adopt charters in accordance with sections 7½ and 8, mentioned above. [6] It is pointed out by defendants that section 4029 of the Political Code does not mention the electors of the county, but refers only to the board of supervisors. This fact is immaterial. For the reasons previously stated, when the state legislature has enacted statutes under its constitutional authority to establish a system of county governments uniform throughout the state, the electors of a county acquire, by virtue of article IV, section 1, of the constitution, no greater powers than the board of supervisors possesses as to the matters within the terms of those particular statutes.

Defendants' answer sets forth the fact that, under the ordinance now in force, the population of Sacramento County is distributed among five supervisorial districts, as follows: District number 1, 18,966; district number 2, 19,071;

district number 3, 61,233; district number 4, 17,877, and district number 5, 11,712. It is therefore contended that the ordinance now in force is invalid by reason of inequality in population, and that "courts will not declare a legislative apportionment act unconstitutional when there is no prior valid apportionment act to fall back on." (*State* v. *Schnitger*, 16 Wyo. 479 [95 Pac. 698].) **[7]** The invalidity of the ordinance now in force will not be presumed. It does not appear, from evidence or allegations, when this ordinance was passed, or whether the districts now in existence were unequal in population at that time. If the districts were practically equal in population when the ordinance was passed, subsequent inequalities, resulting from movement of population, would not render the ordinance invalid. While it is true that the proposed ordinance would result in less inequality than now exists, and that the county should be redistricted so as to avoid present inequalities, this cannot justify the proposed ordinance, which itself provides for gross inequalities.

There is also a contention that the ordinance proposes a mere change of boundaries between existing districts and not a redistricting of the county. We believe that the ordinance is in form a complete redistricting, notwithstanding the fact that it does not change the boundaries of two of the five districts. It makes important alterations as to districts now known as one, two and three, and thus alters the situation of districts four and five with respect to each of the other districts in the county. We are the more inclined to this view when we consider that the proposed ordinance does not provide that the board of supervisors may amend it, and therefore, if adopted, would put it beyond the power of the board to change the boundaries of districts four and five as well as of the other districts. (Const., art. IV, sec. 1.)

**[8]** In addition to defendants' petition for a hearing in this court there was filed a petition by an *amicus curiae* raising the point that an injunction cannot issue to restrain a legislative act. It is true that courts will not enjoin the passage of an act by the legislative body solely upon the ground that it will be a void enactment, nor as a general rule will they interfere with the holding of an election when the election is provided for by a valid law and the forms .

prescribed by that law have been complied with by the authorities. Nevertheless, there are exceptions to these rules. For example, in the case of *Felt* v. *Waughop,* 193 Cal. 498 [225 Pac. 862], this court interfered to the extent of requiring the omission of the name of a candidate from a ballot, notwithstanding that all prescribed forms had been adequately observed, where it appeared that the candidate would be ineligible to hold office even if elected. Where it is proposed to hold an election for the submission of a measure to the popular vote, and that measure will be wholly void and inoperative even if adopted by the people, the courts may, at the instance of a resident taxpayer, enjoin the holding of the election upon the ground that it will be a useless expenditure and waste of public funds (Code Civ. Proc., sec. 526a). There is no other adequate remedy for the protection of the rights of the taxpayers in such a situation and political rights are not curtailed. The present situation obviously merits the relief sought.

The judgment is affirmed.

Shenk, J., Richards, J., Waste, J., Seawell, J., Lawlor, J., and Myers, C. J., concurred.