[No. B088001. Second Dist., Div. Six. Sept. 28, 1995.]

JOHN LUCAS, Plaintiff and Appellant, v.
SANTA MARIA PUBLIC AIRPORT DISTRICT et al., Defendants and
Respondents.

**COUNSEL**

John Lucas, in pro. per., for Plaintiff and Appellant.

Liebert, Cassidy & Frierson, Larry J. Frierson and Peter J. Brown for Defendants and Respondents.

**OPINION**

**STONE (S. J.), P. J.**—John Lucas appeals from the orders of the trial court sustaining the demurrers to his complaints against respondents, the Santa Maria Public Airport District and the members of its board of directors (District), and denying his motion for reconsideration thereof. The gist of Lucas's complaints is that the District improperly entered into an employment contract with its general manager, Dan Hoback. We affirm the rulings of the trial court, except for the imposition of sanctions against Lucas.

FACTS

On October 26, 1993, the District, acting through its board of directors, entered into an employment contract with its general manager, Dan Hoback.

Lucas's first amended complaint alleged that the District violated law and the public trust, committed waste and violated the Ralph M. Brown Act (Gov. Code, § 54950 et seq., which concerns open public meetings) by entering into the contract with Hoback. The complaint asserts that the District is precluded from entering into the contract with Hoback because the Public Utilities Code and the District's administrative code provide that the general manager shall be appointed and serve at the pleasure of the board. The trial court sustained the District's demurrer to the causes of action for violation of law and of the public trust without leave to amend. The trial court sustained the demurrer to the other causes of action with leave to amend. The court filed an order on demurrer as to the first amended complaint.

Lucas filed a second amended complaint alleging that the District committed waste and violated the Ralph M. Brown Act. The trial court sustained the District's demurrer to these causes of action without leave to amend and filed an order thereon. Lucas filed a motion for reconsideration which the trial court denied. At the request of the District, the trial court ordered Lucas to pay sanctions of $500. Lucas appeals from the orders sustaining the demurrers without leave as to his causes of action for violation of law, of the public trust and as to waste. He also appeals from the order denying his motion for reconsideration which included the imposition of sanctions against him.

## Discussion

An order sustaining a demurrer is not appealable absent an order dismissing the complaint. Although there is no order dismissing the second amended complaint, the District has not requested dismissal of this appeal. Because the case has been fully briefed and argued by the parties, we deem the order sustaining the demurrers to incorporate a judgment of dismissal and treat Lucas's notice of appeal as applying to the dismissal. Accordingly, the order sustaining the demurrer to the second amended complaint without leave to amend is modified by adding the following sentence thereto: "The second amended complaint is dismissed."[1] We consider the merits of the appeal.

When a demurrer is sustained without leave to amend, we must determine whether the complaint states a cause of action and whether the pleading can be cured by amendment. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) On review, we treat the demurrers as admitting all properly pleaded material facts, but not contentions, deductions or conclusions of fact or law. (*Ibid.*) The burden is on Lucas to show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. (*Cooper* v. *Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 [75 Cal.Rptr. 766, 451 P.2d 406].)

## Violation of Law

In his first amended complaint, Lucas alleged that the District is authorized as a special assessment district under the Public Utilities Code with the power ". . . to employ a general manager 'at its pleasure.' " The

---

[1]The trial court ordered judgment entered as to the causes of action for violation of law and of the public trust when it sustained the demurrer to the first amended complaint.

District, by resolution of its board, entered into a multiyear employment contract with Hoback. The contract provides, inter alia, ". . . that the DISTRICT can terminate Hoback 'for any reason the Board determines in their discretion to be just,' but only upon, among other things, payment to Hoback of the maximum amount of pay permitted by law under Government Code section 53260, which allows payment of no more than 18 months severance pay upon termination of an employment contract for years." The contract also provides for a 5 percent pay raise and other benefits to which other employees of the District are not entitled.

In his first cause of action, Lucas alleges that neither the Public Utilities Code nor the District's administrative code permits the District to employ a general manager for a term of years. Lucas asserts that the District violated law and committed waste by passing the resolution.

Public Utilities Code section 22554, subdivision (d) gives airport districts the power to "[m]ake contracts, employ labor, and do all acts necessary or convenient for the full exercise of any of the powers of the district." Section 22551 provides that ". . . the powers of the district shall be exercised by the board." Section 22437 provides, in pertinent part, that ". . . the board shall appoint a general manager, . . . [who] shall serve at the pleasure of the board. The board shall fix their compensation." Article VI, section 1 of the District's administrative code also provides that the general manager ". . . shall serve at its pleasure."

The board of directors of the District entered into an agreement and contract with Hoback which provides, in pertinent part, that the board employs Hoback ". . . for an initial term of thirty two (32) months. . . ." The term of the contract is to be extended for two years beyond the initial term unless, after completion of an evaluation process, the District gives the general manager written notice of its decision not to so extend the contract. But, "[n]o right shall vest in the General Manager by virtue of the requirement herein that the Board provide an evaluation of the General Manager. The sole and exclusive right or remedy of the General Manager, in event of a failure by the Board to evaluate him . . . , shall be a two year extension of this Contract, and nothing more." Except for this two-year extension provision, ". . . no right of continued ongoing employment is created by the Agreement, beyond the specific term contained herein."

The contract may be changed or terminated at any time by mutual written agreement whenever one party provides at least 90 days' notice to the other party. In addition, section X, subdivision C of the contract states: "This

contract may be terminated by the board at any time for any reason the board determines in their discretion to be just. In the event of such termination the General Manager shall be entitled to compensation at his then current rate of pay for all unused vacation and sick leave and that portion of the unexpired term of this Agreement permitted by California Government Code sections 53260 and 53261 . . . ."

Government Code section 53260 states, in pertinent part: "(a) All contracts of employment between an employee and a local agency employer shall include a provision which provides that regardless of the term of the contract, if the contract is terminated, the maximum cash settlement that an employee may receive shall be an amount equal to the monthly salary of the employee multiplied by the number of months left on the unexpired term of the contract. However, if the unexpired term of the contract is greater than 18 months, the maximum cash settlement shall be an amount equal to the monthly salary of the employee multiplied by 18.

"(b) The cash settlement formula described in subdivision (a) is a cap or maximum ceiling on the amounts that may be paid by a local agency employer to an employee . . . in all contract termination cases."

Under Government Code section 53261, cash settlements under section 53260 ". . . shall not include any other noncash items except for health benefits . . . ." Government Code section 53262 provides, in pertinent part, that "[a]ll contracts of employment with a . . . general manager, . . . of a local agency shall be ratified . . . ."

As a matter of law, the provisions of the instant contract do not violate any applicable statutes or administrative regulations. Government Code section 53262 contemplates such contracts. The District has the specific power to enter into a contract with its general manager of any length pursuant to Public Utilities Code sections 22437, 22551 and 22554, provided the District can terminate the contract at any time at its sole discretion. The instant contract so provides.

The clause in the contract which grants a two-year extension if the District fails to evaluate him does not contravene the requirement that the general manager shall serve at the pleasure of the District. It is entirely within the District's power to decide whether or not to evaluate him. The District would be deemed to have approved his performance if it does not evaluate him or if it gives him a positive evaluation. But, even if he became "entitled" to the sole "right" or "remedy" of a two-year extension because the District did not evaluate him, he still would serve at its pleasure because the contract

provides that it may be terminated by the board *at any time for any reason the board determines in its discretion to be just.*

The board's determination of what is "just" is itself discretionary and no "good cause" or panoply of due process hearing rights is required by the instant contract. (See *Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771,783 [97 Cal.Rptr. 657, 489 P.2d 537]; *Allen* v. *City of Beverly Hills* (9th Cir. 1990) 911 F.2d 367, 371—requirement that termination decision be "reasonable" creates no property interest in employee; cf. *Skelly* v. *State Personnel Board* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].)

Unlike the circumstances in *Walker* v. *Northern San Diego County Hospital Dist.* (1982) 135 Cal.App.3d 896 [185 Cal.Rptr. 617] (criticized on other grounds in *Hill* v. *City of Long Beach* (1995) 33 Cal.App.4th 1684, 1691 [40 Cal.Rptr.2d 125]) and *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444 [129 Cal.Rptr. 216] (overruled on other grounds in *Palma* v. *U.S. Industrial Fastners, Inc.* (1984) 36 Cal.3d 171, 181, fn. 9 [203 Cal.Rptr. 626, 681 P.2d 893]), there is no employee handbook or manual here which extends to Hoback any right to termination for cause. Lucas cannot show that this contract provides Hoback with any entitlement to continued employment. (See *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 577 [33 L.Ed.2d 548, 561, 92 S.Ct. 2701]; *Perry* v. *Sindermann* (1972) 408 U.S. 593, 601 [33 L.Ed.2d 570, 579, 92 S.Ct. 2694].) Moreover, Hoback is entitled only to the maximum of 18 months' severance compensation allowed by law, whenever he is so terminated.

### VIOLATION OF PUBLIC TRUST

In his third cause of action in his first amended complaint, Lucas asserts that the ". . . described acts constitute a violation of the public trust." Lucas opines that by entering into the contract with Hoback, the District breached some fiduciary duty to the public. These statements are conclusions of law without factual support or legal merit. The public trust doctrine generally concerns the preservation of certain natural public resources, not employment contracts. (See generally, *Environmental Defense Fund, Inc.* v. *East Bay Municipal Utility Dist.* (1980) 26 Cal.3d 183 [161 Cal.Rptr. 466, 605 P.2d 1]; *National Audubon Society* v. *Superior Court* (1983) 33 Cal.3d 419 [189 Cal.Rptr. 346, 658 P.2d 709]; *Big Sur Properties* v. *Mott* (1976) 62 Cal.App.3d 99 [132 Cal.Rptr. 835].)

### WASTE

 In his second amended complaint, Lucas alleged that the District committed waste by granting Hoback ". . . a five year employment contract,

a five percent pay raise as well as other benefits and rights not available to any other DISTRICT employee . . ." even though Hoback had ". . . stated that he would continue in his position . . . without an employment contract . . . ." Lucas asserts that approval of the contract provided no benefits to the public and that it constituted an unnecessary expenditure; a gift of public funds in contravention of the California Constitution. He asserts that the District had a personal interest and a conflict of interest when it approved the contract.

Code of Civil Procedure section 526a provides, in pertinent part: "An action to obtain a judgment, restraining and preventing any . . . waste of . . . funds . . . of a county, town . . . , may be maintained against any officer thereof, . . . by a citizen resident therein . . . ." Section 526a applies to local public agencies other than those enumerated in the statute. (*Los Altos Property Owners Assn.* v. *Hutcheon* (1977) 69 Cal.App.3d 22, 26-30 [137 Cal.Rptr. 775].)

" '[T]he term "waste" as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion. To hold otherwise would invite constant harassment of city and county officers by disgruntled citizens and could seriously hamper our representative form of government at the local level. Thus, the courts should not take judicial cognizance of disputes which are primarily political in nature, nor should they attempt to enjoin every expenditure which does not meet with a taxpayer's approval. On the other hand, a court must not close its eyes to wasteful, improvident and completely unnecessary public spending, merely because it is done in the exercise of a lawful power.' " (*Sundance* v. *Municipal Court* (1986) 42 Cal.3d 1101, 1138-1139 [232 Cal.Rptr. 814, 729 P.2d 80], citing *City of Ceres* v. *City of Modesto* (1969) 274 Cal.App.2d 545, 555 [79 Cal.Rptr. 168] and *Harnett* v. *County of Sacramento* (1925) 195 Cal. 676 [235 P. 445] with approval.)

In the *Ceres* case, the trial court erred by sustaining a demurrer to a taxpayer's claim regarding a decision by the City of Modesto to run sewer lines into unincorporated territory claimed both by Modesto and by the City of Ceres. The appellate court ruled that it was conceivable that the complaint could be amended to state that *Modesto* would reap no benefit from the sewer lines unless it could annex the territory. Annexation by Modesto was highly unlikely; Ceres had already commenced proceedings to annex the territory at issue and it planned to install the sewer lines. (*Sundance* v. *Municipal Court, supra,* 42 Cal.3d at p. 1138, citing *City of Ceres* v. *City of Modesto, supra,* 274 Cal.App.2d at p. 556.)

In *Harnett*, our Supreme Court ruled that an election could be enjoined because it concerned passage of an unlawful, unenforceable ordinance. An injunction lies to prevent ". . . wholly void and inoperative . . ." acts. (*Sundance* v. *Municipal Court, supra*, 42 Cal.3d at p. 1138, citing *Harnett* v. *County of Sacramento, supra*, 195 Cal. at p. 683; see also *Sagaser* v. *McCarthy* (1986) 176 Cal.App.3d 288, 310 [221 Cal.Rptr. 746].)

As Lucas concedes, the contract at issue here is legal. Assuming it is true that Hoback at some time stated he did not feel the need for an express, written contract, the District may have decided that it was in the best interests of the District and the public to retain him under a contract providing good benefits and a severance pay provision. Such provisions are often necessary to retain high level professional and managerial employees. This is a decision which lies within the sound discretion of the agency, pursuant to statutory authority. We may not disturb it.

Payment of unused vested vacation time is required by law, regardless of whether the vacation time is provided by employer policy or under a written contract. (Lab. Code, § 227.3.) It is illegal for an employer to require an employee to forfeit such vacation time. (Lab. Code, § 227.3.) Although Lucas may feel that the contract with Hoback was a waste of taxpayer funds, no cause of action lies for waste under the facts alleged. (*Harman* v. *City and County of San Francisco* (1972) 7 Cal.3d 150, 160-161 [101 Cal.Rptr. 880, 496 P.2d 1248].)

Lucas's other allegations state conclusions unsupported by facts. (*Blank* v. *Kirwan, supra*, 39 Cal.3d at p. 318; *Sagaser* v. *McCarthy, supra*, 176 Cal.App.3d at p. 310.) We may not consider them.

### MOTION FOR RECONSIDERATION

Lucas opines that the trial court erred in denying his motion for reconsideration because it mischaracterized the orders on demurrer at issue here as final. The trial court properly considered Lucas's motion for reconsideration. For purposes of a motion for reconsideration, it does not matter whether the order attacked is an interim one or whether it is final. (Code Civ. Proc., § 1008, subd. (e).)

Furthermore, the trial court did not abuse its discretion in denying the motion. A motion for reconsideration must be based on ". . . new or different facts, circumstances or law . . . ." (Code Civ. Proc., § 1008, subd.

(a).) The moving party must provide the trial court with a satisfactory explanation as to why he or she failed to produce the evidence at an earlier time. (*Mink* v. *Superior Court* (1992) 2 Cal.App.4th 1338, 1342 [4 Cal.Rptr.2d 195].)

Almost all the statements Lucas relies upon in his declaration in support of the motion are dated in January and October 1993, before he filed his initial complaint in this matter. The only other "evidence" proffered is insufficient as a matter of law. It states that Lucas has a witness who would testify as to what another person said regarding the purpose and necessity of the contract. The motion does not indicate when the person made these statements. The proposed allegation involves multiple hearsay and there is no explanation as to why Lucas had not brought the matter to the attention of the trial court earlier. We may not consider the further explanations Lucas has made for the first time on appeal. (*Alicia T.* v. *County of Los Angeles* (1990) 222 Cal.App.3d 869, 884 [271 Cal.Rptr. 513].) The proposed third amended complaint also states no cause of action.

SANCTIONS

Any violation of the Code of Civil Procedure section 1008 ". . . may be punished as a contempt and with sanctions as allowed by Section 128.5." (Code Civ. Proc., § 1008, subd. (d).) Code of Civil Procedure section 128.5, subdivision (a) permits a trial court to order payment of reasonable expenses incurred by another party ". . . as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." For purposes of section 128.5, " '[f]rivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (Code Civ. Proc., § 128.5, subd. (b)(2).) "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (Code Civ. Proc., § 128.5, subd. (c).)

Here, Lucas's motion for reconsideration does not comport with all of the requirements of Code of Civil Procedure section 1008 and was subject to the District's formal, noticed motion for sanctions. Although Lucas's motion for reconsideration improperly reiterated previous points and attempted to present matters which he could have presented previously, the trial court made no finding that Lucas engaged in bad faith or that the reconsideration motion was frivolous or that it was intended solely to cause unnecessary delay. The trial court also did not provide a detailed, written explanation of the conduct or circumstances to justify its order of sanctions.

The trial court did weigh the chilling effect of sanctions on access to courts against the costs of defending an improperly made motion, but such

considerations are insufficient to impose sanctions under Code of Civil Procedure section 128.5. Accordingly, we reverse the imposition of sanctions here.

In all other respects, the judgment is affirmed. Costs to the respondents.

Gilbert, J., and Yegan, J., concurred.