Filed 12/24/13  American Express Travel v. Carmichael CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> KIRK CARMICHAEL, <br><br> Defendant, Cross-complainant and Appellant. | D062865 <br><br><br> (Super. Ct. No. 37-2010-00099698-CU-CL-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joan M.

Lewis, Judge.  Affirmed.


Kirk Carmichael, in pro. per.; and MacDuff W. Collins for Defendant, Cross-

complainant and Appellant.

The Moore Law Group, Harvey M. Moore and Ray Mahdavi for Plaintiff, Cross-

defendant and Respondent.

Kirk Carmichael appeals after the trial court granted summary adjudication in favor of American Express Travel Related Services Company, Inc. (American Express) on its claim against Carmichael for account stated. He also appeals the denial of his request to reconsider an order sustaining American Express's demurrer to his cross-complaint. He contends: (1) the trial court did not have subject matter jurisdiction; (2) the trial court erred in granting summary adjudication because (a) he asked for a jury trial, (b) American Express's separate statement was defective, and (c) New York law exempted him from liability; and (3) the trial court abused its discretion in denying his motion to reconsider and not providing him an opportunity to amend his cross-complaint. We reject Carmichael's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Carmichael and Mark Goodacre were the sole partners in American Freightways, L.P. (Freightways), a transportation company. In July 2006, Carmichael applied for a credit card with American Express in the name of Freightways. Carmichael identified himself as the contact person for the account.

American Express issued Carmichael a corporate credit card for Freightways. Carmichael was the only person who used the card and no one else at Freightways had a card on the account. Carmichael considered the card to be his own and used it for personal purposes. The invoices for the account showed Carmichael as the cardholder.

American Express sued Freightways to collect a delinquent balance on the account in an amount of approximately $276,000. Freightways moved for summary judgment, contending the credit card charges subject to the action were not authorized by the

2

business and not related to the business. The trial court granted the motion and entered judgment in favor of Freightways. However, the trial court stated that the action would continue against Carmichael who had not yet been named as a defendant. Accordingly, American Express amended its complaint to name Carmichael as the defendant.

Carmichael cross-complained against American Express and its attorneys, Jaffe and Asher, LLP (J&A) and The Moore Law Group (Moore), for fraud upon the court and violations of the Fair Debt Collection Practices Act (FDCPA). The fraud claim alleged that American Express and its counsel attached an improper card member agreement to its complaint against Carmichael. American Express later filed a notice of errata stating that due to inadvertence and error of counsel, an incorrect exhibit was included with its complaint and it attached the correct card member agreement. Carmichael's FDCPA claim alleged American Express, J&A, and Moore failed to respond to his "debt validation requests."

American Express, J&A, and Moore demurred to Carmichael's cross-complaint. The trial court sustained the demurrer, finding Carmichael failed to allege the elements of a fraud claim, cited no authority to support that claim, and his claim was barred by the litigation privilege (Civ. Code, § 47, subd. (b)). The trial court also found Carmichael failed to articulate any violation of the FDCPA and demonstrate American Express was a debt collector under the FDCPA.

American Express moved for summary adjudication as to each cause of action in its complaint against Carmichael. Carmichael opposed the motion, contending American Express's separate statement was procedurally defective because it did not individually

3

identify each cause of action and there were triable issues of fact on each cause of action. The trial court rejected Carmichael's argument concerning the separate statement, granted summary adjudication on American Express's claim for account stated, and denied summary adjudication on American Express's causes of action for breach of contract, open book account, and unjust enrichment.

Carmichael requested that the court reconsider its ruling sustaining the demurrer to his cross-complaint without leave to amend. The trial court denied Carmichael's request, stating he "did not provide the Court with 'new or different fact, circumstances, or law.' " The court entered judgment in favor of American Express in the amount of $330,234.99.

## DISCUSSION

### I. *Subject Matter Jurisdiction*

Carmichael contends the trial court lacked subject matter jurisdiction because the card member agreement provided that it "shall be governed by and construed in accordance with the laws of the State of New York" and "the sole venue for any litigation arising out of th[e] Agreement shall be an appropriate federal or state court located in the State of New York." We disagree.

" ' "Subject matter jurisdiction . . . is the power of the court over a cause of action or to act in a particular way." [Citation.] By contrast, the lack of subject matter jurisdiction means the entire absence of power to hear or determine a case; i.e., an absence of authority over the subject matter.' [Citations.]" (*Miller-Leigh LLC v. Henson* (2007) 152 Cal.App.4th 1143, 1148-1149.) "The issues relating to a forum selection clause are distinct from the questions of subject matter jurisdiction. The existence of a

4

forum selection clause does not mean that another forum lacks subject matter jurisdiction." (*Id.* at p. 1149.) Indeed, "parties may not *deprive* courts of their jurisdiction over causes by private agreement." (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495.)

Here, Carmichael confuses the issue of subject matter jurisdiction with forum selection. While the parties' agreement may have demonstrated their intent, it did not deprive the trial court of jurisdiction. (See *Miller-Leigh LLC v. Henson*, *supra*, 152 Cal.App.4th at pp. 1148-1149.) Rather, the trial court had " 'discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum.' " (*Id.* at p. 1149.) Carmichael did not move to stay or dismiss the action on the ground of inconvenient forum and thus waived the issue. (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680 ["A defendant may enforce a forum-selection clause by bringing a motion pursuant to [Code of Civil Procedure] section 410.30 and 418.10, the statutes governing forum non conveniens motions, because they are the ones which generally authorize a trial court to decline jurisdiction when unreasonably invoked and provide a procedure for the motion."].)

## II. *Motion for Summary Adjudication*

A. Right to a Jury Trial

Carmichael argues the trial court erred in granting summary adjudication because under the California Constitution he had the right to a trial by jury. As explained in *Scheiding v. Dinwiddie Const. Co.* (1999) 69 Cal.App.4th 64, 70, this contention has long been rejected: "Older decisions frequently referred to summary judgment as a 'drastic

5

remedy' and emphasized the right to jury trial on constitutional grounds, noting that both the federal and state Constitutions establish trial by jury as a basic right. [Citations.] Nevertheless, California and federal courts long ago agreed that nothing in the summary judgment procedure is inherently unconstitutional." (*Id*. at 70.) "If the facts are undisputed . . . and admit of only one conclusion, then summary judgment may be entered on issues that otherwise would have been submitted to the jury. That is the function of summary judgment proceedings." (*Davis v. Consolidated Freightways* (1994) 29 Cal.App.4th 354, 366.)

B. Deficiencies in Separate Statement

Carmichael asserted below, and reasserts on appeal, that American Express's motion for summary adjudication should have been denied because its separate statement of material facts was procedurally defective in that it did not individually identify each cause of action. We reject this argument.

California Rules of Court, rule 3.1350(b) provides that "[i]f summary adjudication is sought, whether separately or as an alternative to the motion for summary judgment, the specific cause of action, affirmative defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be repeated, verbatim, in the separate statement of undisputed material facts."

Here, American Express did not strictly comply with the requirements of California Rules of Court, rule 3.1350(b). However, its separate statement of undisputed material facts did individually identify three of the four causes of action it sought to summarily adjudicate. Moreover, even if some additional headings were required, the

6

court's power to deny summary adjudication on the basis of failure to comply with California Rules of Court, rule 3.1350 is discretionary, not mandatory. (See *Cadlo v. Owens-Illinois, Inc*. (2004) 125 Cal.App.4th 513, 523; cf. *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315-316.)

The facts critical to the ruling were adequately identified, and Carmichael has not explained how any alleged deficiency in American Express's separate statement of undisputed material facts impaired his ability to marshall evidence to show that material facts were in dispute. We conclude the trial court did not abuse its discretion by declining to reject summary adjudication based on the deficiencies within the separate statement.

C. Application of New York Law

Carmichael contends the trial court erred in granting summary adjudication because New York partnership law exempted him from liability. We reject this argument.

Carmichael relies on a New York law which provides that "a limited partner is not liable for the contractual obligations and other liabilities of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business. However, if the limited partner does participate in the control of the business, he is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner." (N.Y. P'ship Law § 121-303.)

7

Based on our review of the record, Carmichael waived his argument by failing to raise it when he opposed American Express's motion for summary adjudication in the trial court. (*Santantonio v. Westinghouse Broadcasting Co*. (1994) 25 Cal.App.4th 102, 113 [arguments not asserted below are waived and will not be considered for the first time on appeal].) Further, even if the argument was not waived, the provision that Carmichael cites in not applicable because it pertains to the "contractual obligations and other liabilities of a limited partnership." Carmichael admitted that "[f]rom the opening of the account, the card was used solely by [him] for [his] personal purposes and not for any business purpose of . . . Freightways. [He] considered the card [his] own." Thus, the obligations and liabilities of the credit card were Carmichael's and not Freightways's. Carmichael has not cited to any evidence to suggest otherwise. Accordingly, his argument fails.

### III. *Request for Reconsideration*

Carmichael argues the trial court abused its discretion in denying his motion to reconsider the ruling on American Express's demurrer and not providing him an opportunity to amend his cross-complaint. We disagree.

A party seeking reconsideration of a court's order under Code of Civil Procedure section 1008 must not only show new or different facts, circumstances or law, but also must give a satisfactory explanation for not producing such facts or information at the original hearing. (*The New York Times Co. v. Superior Ct*. (2005) 135 Cal.App.4th 206, 212-213; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690.) Where evidence addressed in the motion for reconsideration is available to a party before the initial

8

motion is heard, such evidence is not considered "new" for purposes of a motion for reconsideration. (*Lucas v. Santa Maria Public Airport Dist*. (1995) 39 Cal.App.4th 1017, 1028; *Garcia v. Hejmadi*, *supra*, 58 Cal.App.4th at pp. 689-690.)

We review the court's ruling on a motion for reconsideration under the abuse of discretion standard. (*The New York Times Co. v. Superior Ct.*, *supra*, 135 Cal.App.4th at p. 212; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.) Thus, whether Carmichael proffered new or different facts sufficient to satisfy the requirements of Code of Civil Procedure section 1008, is a "question confided to the sound discretion of the trial court, with the exercise of which [the appellate court] will not interfere absent an obvious showing of abuse." (*Graham v. Hansen* (1982) 128 Cal.App.3d 965, 971.)

Here, Carmichael included three documents with his motion for reconsideration, which he alleged constituted "new" evidence. The documents consisted of a letter from J&A to Carmichael, an e-mail from J&A to Goodacre, and a letter from Carmichael to J&A. These documents were dated May 2010, more than a year before Carmichael filed his cross-complaint. Accordingly, the documents were available to Carmichael at the time the trial court heard the demurrer to his cross-complaint and do not constitute new evidence. Further, even if Carmichael had a reasonable explanation for not providing the documents to the trial court earlier, which he did not, he fails to adequately explain how the documents support his fraud or FDCPA claims.

Similarly, Carmichael argued *Reese v. Ellis, Painter, Ratterree & Adams, LLP* (11th Cir. 2012) 678 F.3d 1211, constituted "new" law and justified his request for reconsideration.  He contends that case stands for the proposition that law firms are considered "debt collector[s]" for purposes of the FDCPA.  First, we note that we are not bound by federal circuit opinions, even on questions of federal law.  (See *Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1714-1715.)  Further, even if the case was "new" law, Carmichael has failed to articulate any specific violations of the FDCPA and state how he could cure the defects in his cross-complaint.

Under these circumstances, we conclude the trial court acted well within its discretion in denying Carmichael's request to reconsider the court's ruling sustaining the demurrer to his cross-complaint.

### DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.

10