FILED

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT E. CHRISTENSEN,

           Plaintiff - Appellant,

   v.

SOUTHERN CALIFORNIA EDISON;
JOHN GUEST, Esq.,

           Defendants - Appellees.

No. 12-55878

D.C. No. 2:11-cv-02810-JAK-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

    Scott E. Christensen, an attorney, appeals pro se from the district court's

summary judgment in his diversity action alleging violations of California law.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Christensen's negligence claims because Christensen failed to raise a genuine dispute of material fact as to whether defendants owed him a duty of care. *See Mintz v. Blue Cross of Cal.*, 92 Cal. Rptr. 422, 434 (Ct. App. 2009) (elements of a claim for negligence under California law).

The district court properly granted summary judgment on Christensen's claims under the California Public Utilities Code because Christensen failed to raise a genuine dispute of material fact as to whether defendants committed any illegal act, failed to do any act required by law, or caused him any injury. *See* Cal. Pub. Util. Code § 2106 (a public utility that commits any illegal act or fails to do any act required by law "shall be liable to the persons or corporations affected thereby for all loss, damages, or injury caused thereby or resulting therefrom"); *see also id.* § 2107 (empowering the Public Utilities Commission to levy penalties).

The district court properly granted summary judgment on Christensen's claims for invasion of privacy and false light because Christensen failed to raise a genuine dispute of material fact as to whether he had a reasonable expectation of privacy or whether defendants' actions placed him in a false light. *See Price v. Operating Eng'rs Local Union No. 3*, 125 Cal. Rptr. 3d 220, 225 (Ct. App. 2011)

(elements of a claim for false light under California law); *Fogelstrom v. Lamps Plus, Inc.*, 125 Cal. Rptr. 3d 260, 264-65 (Ct. App. 2011) (elements of claims under California constitution for right to privacy and for common law tort of intrusion into private matters).

The district court properly granted summary judgment on Christensen's claim alleging breach of the public trust because Christensen failed to raise a genuine dispute of material fact as to whether his claim implicates natural public resources. *See Lucas v. Santa Maria Pub. Airport Dist.*, 46 Cal. Rptr. 2d 177, 181 (Ct. App. 1995) ("The public trust doctrine generally concerns the preservation of certain natural public resources[.]").

The district court did not abuse its discretion in failing to consider Christensen's complaint and unauthenticated documents as evidence in opposition to summary judgment. *See Las Vegas Sands, LLC v. Nehm*e, 632 F.3d 526, 532 (9th Cir. 2011) (setting forth standard of review and noting that "unauthenticated documents cannot be considered in a motion for summary judgment" (citation and internal quotation marks omitted)); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (complaint may function as an affidavit in opposition to summary

judgment only if it is based on personal knowledge and sets forth specific facts admissible in evidence).

**AFFIRMED.**