Filed 8/26/15  Orozco v. Reznichenko CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HERNAN OROZCO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ALEKSANDR REZNICHENKO,<br><br>Defendant and Respondent. | F068032<br><br>(Super. Ct. No. 10C0356)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  James T. LaPorte, Judge.

Hernan Orozco, in pro. per., for Plaintiff and Appellant.

Baker, Manock & Jensen, Dirk B. Paloutzian and Amber M. Bridges for Defendant and Respondent.

-ooOoo-

Appellant Hernan Orozco challenges the summary judgment entered in favor of respondent Dr. Aleksandr Reznichenko on appellant's fourth amended complaint for

medical malpractice. According to appellant, the court erred when it refused to appoint an expert witness to oppose the summary judgment motion on appellant's behalf. Appellant further argues the trial court erred in dismissing the causes of action against defendants Coalinga State Hospital and the California Department of Mental Health.

While a court may appoint an expert witness to act on behalf of an indigent plaintiff in a civil action, the court is not required to do so. Here, the trial court did not err in denying appellant's request for the appointment of an expert. Appellant's remaining claims of error are either derived from the medical malpractice cause of action or not before us. Accordingly, the judgment will be affirmed.

## BACKGROUND

While a resident of Coalinga State Hospital, appellant was diagnosed with hernias. Respondent performed corrective surgery.

When respondent saw appellant for his postoperative visits, appellant complained of testicular pain. Respondent noted the presence of a small hydrocele, i.e., scrotal swelling, but appellant's physical exams were otherwise normal.

Appellant filed the underlying action against respondent, Coalinga State Hospital and the Department of Mental Health, alleging causes of action for professional negligence, failure to provide adequate facility equipment and personnel, abuse of a dependent adult, and deliberate indifference to rights (42 U.S.C. § 1983). Regarding the professional negligence claim, appellant alleged that respondent was negligent for failing to place a drain at the surgical site resulting in hematomas, a hydrocele, constant pain and sterility.

Following numerous demurrers and motions to strike filed by all three defendants, appellant filed his fourth amended complaint. This complaint alleged causes of action for professional negligence against all defendants, failure to provide adequate facility equipment and personnel against Coalinga State Hospital and the Department of Mental

2.

Health, battery against appellant, and malfeasance and/or misfeasance against all defendants.

Respondent filed a demurrer and motion to strike. The trial court granted respondent's motions. Only the cause of action for professional negligence remained against respondent.

Coalinga State Hospital and the Department of Mental Health also demurred to the fourth amended complaint. On October 10, 2012, the trial court sustained this demurrer without leave to amend and, sua sponte, granted judgment on the pleadings on the fourth cause of action. In its November 2, 2012, order after hearing, the trial court dismissed the case against Coalinga State Hospital and the Department of Mental Health in its entirety. Appellant was served with notice of this order on November 13, 2012.

Respondent then moved for summary judgment. In support of his motion, respondent submitted the declaration of physician Dan Eisenberg, M.D. Dr. Eisenberg stated that, based on his medical knowledge, training and experience, it was his opinion that the care and treatment rendered to appellant by respondent was in all respects appropriate and within the standard of care. Dr. Eisenberg further opined that, to a reasonable medical probability, no negligent act or omission on respondent's part caused or contributed to appellant's alleged injuries.

Appellant filed a motion requesting the appointment of an expert witness to oppose respondent's summary judgment motion. The trial court denied appellant's request. The court ruled that the lawsuit was not the type of case where the court is required to appoint and pay for an expert witness and, in any event, no funds were available to the court from which to pay an expert to assist appellant.

Appellant filed his opposition to respondent's summary judgment motion without an expert witness declaration to support it. The trial court granted respondent's motion on August 5, 2013. The court noted that it specifically relied on Dr. Eisenberg's

3.

declaration and that appellant failed to produce any evidence to create a triable issue of material fact.

Appellant filed a notice of appeal on September 5, 2103, "from the orders of summary judgment for the defendants granted on August 5, 2013, but not yet entered, thereon closing the case; and from the demurrer sustained on October 10, 2012."

**DISCUSSION**

Appellant's notice of appeal specifies two particular orders, the order granting summary judgment on the medical malpractice cause of action against respondent and the order sustaining the demurrer to the fourth amended complaint filed by Coalinga State Hospital and the Department of Mental Health. "'If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.'" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.)

The order sustaining the demurrer of Coalinga State Hospital and the Department of Mental Health dismissed the case against those two defendants. Because the order removed them from the case and left no issue remaining between appellant and Coalinga State Hospital and the Department of Mental Health, that order was appealable as a final judgment. (*Will v. Engebretson & Co.* (1989) 213 Cal.App.3d 1033, 1039; *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1022.) Appellant was served with notice of that order on November 13, 2012. Accordingly, any appeal had to be filed within 60 days. (Cal. Rules of Court, rule 8.104.) Therefore, the notice of appeal filed on September 5, 2013, was untimely and the issues pertaining to Coalinga State Hospital and the Department of Mental Health are not before us.

As to the claims against respondent, appellant argues the trial court erred in granting summary judgment on the medical malpractice cause of action and in dismissing the causes of action for federal civil rights violations, elder abuse and medical battery.

4.

However, all of appellant's claims against respondent stem from respondent's alleged medical malpractice. In fact, as noted by appellant, the alleged civil rights violations and elder abuse require more than negligence on the part of the physician. A civil rights violation requires deliberate or callous indifference to serious medical needs and elder abuse requires reckless, oppressive, fraudulent or malicious conduct. (*Estelle v. Gamble* (1976) 429 U.S. 97, 105-106; *Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771, 785.) Accordingly, if the trial court properly granted summary judgment on the medical malpractice cause of action, the remaining claims fail as well.

In a medical malpractice case, the standard of care can only be proved by expert testimony unless the conduct required by the particular circumstances is within the common knowledge of the layperson. (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001.) This "'common knowledge' exception" is limited to situations where a plaintiff can invoke res ipsa loquitur, "i.e., when a layperson 'is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised.'" (*Ibid.,* fn. omitted.) "Otherwise, '"expert evidence is conclusive and cannot be disregarded."'" (*Ibid*.)

Here, appellant argues respondent fell below the standard of care because he did not insert a drain and repaired a left inguinal hernia that was found during the surgery. However, a surgeon's technical performance of hernia repair surgery and a surgeon's intraoperative decisions regarding hernia repair are not within the common knowledge of a layperson. Therefore, expert testimony was required.

Respondent presented the expert declaration of Dr. Eisenberg. Dr. Eisenberg stated that, respondent's intraoperative decision to repair the left hernia was within the standard of care and that placing a drain is not the standard of care in hernia repair.

Further, Dr. Eisenberg declared that the formation of a hydrocele did not indicate that respondent performed the surgery below the standard of care or caused harm to appellant.

When respondent moved for summary judgment and supported his motion with an expert declaration that his conduct fell within the community standard of care, he was entitled to summary judgment unless appellant presented conflicting expert evidence. (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 985.) Appellant did not come forward with conflicting expert evidence. Therefore, the trial court properly entered summary judgment in respondent's favor.

Alternatively, appellant argues that, because he is indigent, the trial court was required to provide a medical expert to enable him to defend against respondent's summary judgment motion. However, while a trial court may appoint experts, it is not required to do so. (Evid. Code, § 730.)

The trial court determines, in its sound discretion, what is appropriate to secure access to the courts for an indigent plaintiff in a civil action. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 794.) Here, the trial court explained that there were no funds available to the trial court to pay an expert to assist appellant in his prosecution of this case. Under these circumstances, the trial court did not abuse its discretion in denying appellant's application for the appointment of an expert witness.

Finally, appellant objects to the fact that the proceedings were transferred from one superior court department to another department without notice or giving reasons for the transfer. However, appellant did not object to this transfer in the trial court and thus cannot raise the issue on appeal. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3.) Further appellant does not explain how he was prejudiced by this transfer. The trial court has the authority to reassign cases as convenience or necessity requires. (*Guardianship of Simpson* (1998) 67 Cal.App.4th 914, 941.)

## DISPOSITION

The judgment is affirmed.  No costs are awarded.

_____
LEVY, Acting P. J.

WE CONCUR:


_____
GOMES, J.


_____
KANE, J.