[No. A068023. First Dist., Div. Five. June 14, 1995.]

COUNTY OF VENTURA et al., Plaintiffs and Appellants, v.
THE STATE BAR OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Anthony T. Caso, Deborah J. La Fetra and Daniel T. Fitzpatrick for Plaintiffs and Appellants.

Diane C. Yu, Lawrence C. Yee, Starr Babcock and Carole R. Rossi for Defendant and Respondent.

OPINION

KING, J.—

## I. INTRODUCTION

The County of Ventura and its district attorney, Michael Bradbury, appeal from an order dismissing an action by which they seek to compel the State Bar of California to permit Bradbury to challenge, on behalf of employees for whom they paid compulsory bar dues, the State Bar's calculation of the voluntary portion of dues used for political or ideological purposes. The superior court ruled there is no actual or potential injury to appellants and thus they lack standing. Appellants contend that any payment by them of the voluntary portion of dues is a waste of public funds, and thus there is standing because if the State Bar is later determined to have undercalculated the voluntary portion, they will have paid some of it and may be held liable for waste.

We hold that a public agency's payment of the voluntary portion of its employees' State Bar dues would be a waste of public funds because it would constitute a wholly inappropriate encroachment by government into the realm of financial contribution toward political or ideological causes. Thus, appellants have potential liability for waste and have standing in this action. We therefore reverse the order of dismissal.

## II. BACKGROUND

This case is an outgrowth of *Keller* v. *State Bar of California* (1990) 496 U.S. 1 [110 L.Ed.2d 1, 110 S.Ct. 2228], which held that the State Bar may

not use compulsory dues to finance political or ideological activities. The result of *Keller* is that each year the State Bar calculates in advance the portion of dues attributable to such "nonchargeable" activities and permits members to reduce their payments by that amount, commonly known as the "*Hudson* fee" reduction. (Rules and Regs. of State Bar, art. 1A, § 2(A); see *Teachers* v. *Hudson* (1986) 475 U.S. 292 [89 L.Ed.2d 232, 106 S.Ct. 1066] [procedure for objecting to use of union dues for ideological causes].) Individual members must object to the amount of the *Hudson* fee calculation or any claim for a refund of the *Hudson* fee is waived. The State Bar may refer such challenges to arbitration, and if the arbitrator finds an undercalculation the State Bar refunds the difference, but only to the individual objectors. (Rules and Regs. of State Bar, art. 1A, § 3(A), (C) & (H).)[1]

District Attorney Bradbury has 82 attorney employees. As is common in the public sector, he pays their bar dues in an effort to keep competitive with the private sector. Bradbury does not, however, wish to pay the nonchargeable portion of his employees' bar dues, out of concern that such payment might expose him to a taxpayer's suit for waste of public funds. (Code Civ. Proc., § 526a.)

For 1993, the State Bar determined the *Hudson* fee reduction to be $5, with total dues ranging from $379 to $478. Bradbury withheld $5 from each payment of his employees' 1993 bar dues, and further sought to challenge the amount of the $5 calculation on behalf of himself and his employees, who did not join in that challenge. The State Bar adhered to its requirement of individual challenges and refused to allow Bradbury to object on his employees' behalf, but allowed him to proceed individually. A total of 61 bar members filed objections for that year, each seeking additional reductions of $85.08. An arbitrator upheld the $5 calculation. Review of the arbitrator's decision is currently being pursued in federal court.

In the present case, by complaint for declaratory and injunctive relief, Bradbury and Ventura County sought to compel the State Bar to permit Bradbury to object to the *Hudson* fee calculation on his employees' behalf. The court, finding no standing, sustained the State Bar's demurrer and dismissed the action.

## III. DISCUSSION

Appellants' theory of standing is that they are threatened with injury in the form of a taxpayer's suit for waste of public funds should the

---

[1]The State Bar seeks a less intrusive means for public entities to question the determination of the *Hudson* fee than a legal action. But the State Bar itself possesses the power to provide a less intrusive means, by amending its own rules and regulations to permit public entities to object on behalf of the employees for whom they pay bar dues, so that the public entities are able to participate in and be bound by the arbitrator's decision.

State Bar later be determined to have undercalculated the amount of the *Hudson* fee, since without individual objections by Bradbury's employees he would receive no refunds and thus would have paid a portion of the fee. At the heart of this theory is an Attorney General's opinion that a public agency may not pay its employees' *Hudson* fees unless it has a contractual obligation to do so as part of the employees' compensation, and without that obligation such payment is subject to a taxpayer's suit for waste of public funds. (75 Ops.Cal.Atty.Gen. 137 (1992).) We agree with this conclusion, but for a different reason than that asserted in the Attorney General's opinion.

■ A public expenditure is a waste of public funds, and thus subject to a taxpayer's suit under Code of Civil Procedure section 526a, if it is "totally unnecessary" or "useless" or "provides no public benefit." (*Sundance* v. *Municipal Court* (1986) 42 Cal.3d 1101, 1138-1139 [232 Cal.Rptr. 814, 729 P.2d 80].) The Attorney General's opinion states that absent contractual obligation, a public agency's payment of *Hudson* fees "may be viewed as 'totally unnecessary,' since the agency's attorneys may continue to practice law irrespective of whether the Hudson fees are paid." (75 Ops.Cal.Atty.Gen., *supra*, at p. 142.) That is, the Attorney General believes that because the *Hudson* fee payment is voluntary, as a public expenditure it is "totally unnecessary."

The flaw in this reasoning is in its focus on the voluntary nature of the payment. Many perquisites of employment need not be provided in order for an employee to get the job done, and in that sense their payment by a public agency is voluntary: a public attorney can do the job without being provided medical, dental or vision care insurance, under substandard office conditions, with only a week's vacation each year, being paid an uncompetitive salary. But if an expenditure of public funds were permitted only to the extent essential to getting a day's work out of a licensed attorney, then little more than subsistence wages could be provided, and the obvious result would be inability to attract and keep high quality employees.

The proper question in reviewing a perquisite of employment for waste of public funds is whether the perquisite is necessary or useful or provides a benefit to the public agency. (*Sundance* v. *Municipal Court*, *supra*, 42 Cal.3d at pp. 1138-1139.) Normally the answer will be yes. Payment for a non-essential perquisite—such as vision care insurance, a private office, or a decent desk chair—benefits the public agency in that, *as part of an overall employee benefits package,* it helps attract and keep superior employees.

Such expenditures are beneficial, useful, and as a practical matter necessary to the staffing of a high quality office of public attorneys.[2]

An expenditure of public funds is not a waste merely because there is a cheaper way. If there is a public benefit, the expenditure is not actionable, even if there is an alternative that is not only less expensive but more efficient. (*Sundance v. Municipal Court, supra*, 42 Cal.3d at p. 1139 [prosecution of public inebriates not actionable on theory that civil detoxification would be cheaper and more effective].)

 The present case, however, is anything but normal. Payment of a public attorney's *Hudson* fees would amount to a financial contribution by the public agency for the political and ideological activities pursued by the State Bar. Such payment would be no different than a direct contribution by the agency, on its employee's behalf, to a political party or candidate or an ideological organization. We believe such payment would be worse than totally unnecessary or useless or without public benefit—it would be a wholly inappropriate encroachment by government into the political arena, and thus a waste of public funds. If public employees wish to contribute money to a political party or candidate, a political action committee, or the State Bar's political and ideological activities, that is their prerogative, but government should have no part of it.

We conclude that if the State Bar is determined to have undercalculated the *Hudson* fee reduction, appellants may be held liable for a waste of public funds if they have paid a portion of the voluntary dues. Thus, appellants have standing in this action. The trial court erred in ruling otherwise.

## IV. DISPOSITION

The order of dismissal is reversed and the cause is remanded with directions to the superior court to overrule the demurrer. Appellants shall recover their costs on appeal.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied July 11, 1995, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied September 14, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

[2]Indeed, appellants acknowledge in their opening brief that "[p]ublic agencies must compete with the private sector to secure the most competent attorneys available for public service . . . ," and "[b]ecause public sector salaries rarely approach the salary levels prevalent in the private sector, public employers often offer additional compensation in the form of payment of an employee's bar dues."