BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE JOE NATION, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Is a school district or community college district prohibited from using district resources to implement, at the request of an employee organization, a voluntary payroll deduction program allowing employees to make monthly contributions to a political action committee established by the employee organization?
 CONCLUSION
A school district or community college district is not prohibited from using district resources to implement, at the request of an employee organization, a voluntary payroll deduction program allowing employees to make monthly contributions to a political action committee established by the employee organization.
 ANALYSIS
School districts and community college districts have statutory authority to make employee payroll deductions for a variety of purposes, including union dues, deferred compensation contributions, life and disability insurance premiums, health insurance premiums, legal expense premiums, automobile liability insurance premiums, long-term care insurance premiums, United States savings bond purchases, and employee organization services. (See Ed. Code, §§ 45060, 87833,87040; Gov. Code, §§ 1157, 1157.3, 1157.8.)[1]
Payroll deductions for voluntary contributions to a political action committee established by an employee organization may be considered as part of the membership dues of the organization or as part of the services of the organization. (See Abood v. Detroit Board of Education (1977)431 U.S. 209, 235-236; Machinists v. Street (1961) 367 U.S. 740, 768; Kidwell v. Transportation Com. Intern. Union (4th Cir. 1991) 946 F.2d 283,300.)
The question presented for resolution is whether California law expressly or impliedly prohibits a school district or community college district from making employee payroll deductions for a political action committee established by the organization representing the employees. We conclude that no statutory prohibition bars such salary deductions.
Specifically, it has been suggested that section 7054 may be such a prohibition. Subdivision (a) of section 7054 provides:
 "No school district or community college district funds, services, supplies, or equipment shall be used for the purpose of urging the support or defeat of any ballot measure or candidate, including, but not limited to, any candidate for election to the governing board of the district."
In analyzing the terms of section 7054, we may rely upon well settled principles of statutory construction. We are to interpret statutes "so as to effectuate the purpose of the law." (DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387; accord, Wilcox v. Birtwhistle (1999)21 Cal.4th 973, 977.) "Committee reports are often useful in determining the Legislature's intent. [Citation.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 646.) "[A] court . . . will not readily imply an unreasonable legislative purpose. Therefore, a practical construction is preferred. [Citation.]" (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1147.) "Statutes are to be given a reasonable and common-sense interpretation consistent with the apparent legislative purpose and intent `and which, when applied, will result in wise policy rather than mischief or absurdity.' [Citation.]" (Dyna-Med, Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379, 1392.)
Section 7054 has no application here. The "funds, services, supplies, or equipment" of a school district or community college district would not "be used for the purpose of urging the support or defeat of any ballot measure or candidate." Rather, it would be the employees' funds that might conceivably be so used by the political action committee. The district's resources would only be affected to transfer the employees' funds to the employees' designated recipient. The district would have no control over the employees' funds other than to act as the agent of the employees' in making the transfer of the employees' funds. This is not the type of "political activity" to which section 7054's prohibition is directed. (See Stanson v. Mott (1976)17 Cal.3d 206; County of Ventura v. State Bar (1995) 35 Cal.App.4th 1055; 73 Ops.Cal.Atty.Gen. 255 (1990).)
We have examined in detail the legislative history of section 7054, particularly with respect to its amendment in 1995 (Stats. 1995, ch. 879, § 2). The evident purpose of the statute is to prevent partisan campaigning by a district; a district's resources are not to be used for political campaigning. "The purpose of this bill is to ensure that public school and community college funds and resources are not used for political purposes." (Sen. Appropriations Com., Rep. on Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended May 1, 1995, p. 1.) "This bill prohibits the use of local education agency funds for purposes of urging the support or defeat of any ballot measure or candidate, as is the law with respect to state, county, city and special district funds." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended May 18, 1995, p. 1.) "Taxpayers' money should not be used for political purposes, whether in state, county, city, special district or school district elections." (Assem. Com. on Public Safety, Rep. on Senate Bill No. 82 (1995-1996 Reg. Sess.) as amended July 1, 1995, p. 3.) "This bill recognizes the difficulty in prohibiting speech by school employees or officials while working regarding a bond measure or other ballot measure, amending Education Code section 7054 to prohibit the use of school and community college resources in supporting or opposing ballot measures." (Sen. 3d reading analysis of Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended August 29, 1995, p. 2.)
It would be unreasonable to apply section 7054 where the school district or community college district is merely transmitting a portion of the employee's salary as directed by the employee. This would be especially so here in light of the Legislature's express protection of the political rights of school employees, including the right to contribute political funds to their employee organizations. (§7056.) The legislative history of section 7054 contains no indication that it is to be interpreted to prohibit employee payroll deductions as directed and controlled by the employee. In such circumstances the district itself cannot be said to be "campaigning" in a "partisan" manner.
No other statutory provision merits our analysis. We thus conclude that a school district or community college district is not prohibited from using district resources to implement, at the request of an employee organization, a voluntary deduction program allowing employees to make monthly contributions to a political action committee established by the employee organization.
[1] All references hereafter to the Education Code are by section number only.