Filed 5/10/23; Certified for Publication 6/8/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANISSA MOHLER, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> COUNTY OF SANTA CLARA, et al., <br><br>     Defendants and Respondents. | H049994 <br> (Santa Clara County <br>  Super. Ct. No. 21CV384330) |

In this matter, Plaintiff Anissa Mohler sues the County of Santa Clara and four members of its Board of Supervisors (collectively, the County). She claims that the County has committed waste under Code of Civil Procedure section 526a by allowing the Reid-Hillview Airport to fall into disrepair.[1] The County demurred, and the trial court sustained the demurrer without leave to amend. Mohler now appeals, arguing that she stated a valid cause of action under section 526a or, alternatively, should have been granted leave to amend. We affirm the trial court's rulings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In reviewing the dismissal of Mohler's claim on demurrer, we accept as true the facts properly alleged in her complaint, which are set forth below. (See, e.g., *Whittemore v. Owens Healthcare-Retail Pharmacy, Inc.* (2010) 185 Cal.App.4th 1194, 1197.)

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise designated.

The Reid-Hillview Airport, which the County has owned and operated since 1961, is a reliever airport for the San Jose International Airport. Reid-Hillview serves general aviation—i.e., all aviation other than commercial passenger flights and air carrier aviation. The airport also supports emergency responses for Bay Area hospitals and houses Cal Fire and Civil Air Patrol operations, which provide disaster relief such as search and rescue during earthquakes and wildfires.

Although the County is required to operate the land occupied by the Reid-Hillview Airport as an airport until at least 2030, in December 2018 the County's Board of Supervisors voted to engage with the City of San Jose in a joint planning process concerning possible alternatives uses of Reid-Hillview after 2031. Mohler claims that, in furtherance of this plan, the County intentionally has allowed the airport "to fall into a state of wasteful disrepair."

In June 2021, Mohler sued the County, seeking declaratory and injunctive relief under section 526a. The complaint alleged that the County has committed waste in several ways. First, by failing to perform basic maintenance, it has allowed vegetation and trash to accumulate around the airport's perimeter and weeds to overgrow its taxiways and runways, creating cracks, bumps, and soft spots in the asphalt. Second, the County has failed to repair hangars, rendering one nonfunctional and allowing rust to take over another hangar and to drip onto planes. Finally, the County has failed to renew soon-to-expire leases for fixed base operators (which provide support operations such as flight training, aircraft maintenance or repair, and aircraft rental), threatening significant losses in revenue. For relief, Mohler seeks an order preventing the County from studying alternative uses of the Reid-Hillview site and a permanent injunction requiring the County to "comply with necessary maintenance obligations."

The County demurred on the ground that the complaint failed to allege facts sufficient to state a cause of action. The trial court sustained the demurrer without leave to amend. It observed that section 526a's prohibition against waste requires more than a

mistaken exercise of judgment or discretion. Then, because Mohler failed to show that the County has any duty to maintain the Reid-Hillview Airport, the court concluded that "the County's decisions are discretionary and thus not subject" to section 526a. The court also found that Mohler sought impermissibly vague relief.

After final judgment was entered on March 29, 2022, Mohler timely appealed.

## II. DISCUSSION

We review de novo the trial court's order sustaining the demurrer and consider whether defects in the complaint may be cured by amendment, with the plaintiff bearing the burden of proof. (See, e.g., *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162 (*Novartis*); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### A.    *Intentional Waste*

Mohler's primary argument on appeal is that she was not required to show that the County violated any duty by failing to maintain the Reid-Hillview Airport because, even absent such a duty, "intentional waste" violates section 526a. This argument sweeps too far: local governments may decide not to maintain property intentionally without committing waste under section 526a. And while such decisions might constitute waste in extreme circumstances, Mohler has not alleged such circumstances.

Section 526a creates a statutory taxpayer action against local governments. The section has three main components.[2] First, it confers broad standing, authorizing any resident or corporation that pays or is assessed a tax that funds a local agency to sue the

---

[2] These components are contained in subdivision (a) of section 526a: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a local agency, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax that funds the defendant local agency, including, but not limited to, the following: [¶] (1) An income tax. [¶] (2) A sales and use tax or transaction and use tax initially paid by a consumer to a retailer. [¶] (3) A property tax, including a property tax paid by tenant or lessee to a landlord or lessor pursuant to the terms of a written lease. [¶] (4) A business license tax."

3

agency. (§ 526a, subd. (a); see also *id.*, § 526a, subd. (d)(1) [defining "[l]ocal agency" to include counties].) Second, it has a substantive component: it prohibits "illegal expenditure of, waste of, or injury to, the estate, funds, or other property" of the local agency. (*Id.*, subd. (a).) Third, it specifies the relief available: a judgment "restraining and preventing" the prohibited expenditure, waste, or injury. (*Ibid.*)

This case involves section 526a's prohibition against waste, which is not well defined in either the statute or the case law. There are numerous cases applying the section's prohibition against "illegal expenditure," which has long been used to enjoin government conduct that is unconstitutional or otherwise illegal. (See, e.g., *Blair v. Pitchess* (1971) 5 Cal.3d 258 (*Blair*) [enjoining seizure of personal property without a hearing or judicial establishment of probable cause]; *Vogel v. County of Los Angeles* (1967) 68 Cal.2d 18 [enjoining loyalty oaths]; *Wirin v. Parker* (1957) 48 Cal.2d 890 [enjoining wiretapping].) By contrast, there are comparatively few decisions concerning Section 526a's prohibition against "waste," and therefore only the general contours of the prohibition are clear. (See *Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 482 (*Chiatello*) ["Just what amounts to 'waste' is more readily intuited than enunciated."].)

Although "waste" is a common law term for conduct "on the part of the person in possession of land which is actionable at the behest of . . . another owner of an interest in the same land" (*Cornelison v. Kornbluth* (1975) 15 Cal.3d 590, 597-598), no court has interpreted Section 526a to adopt the common law standard for waste, which imposes liability if a possessor "physically changes the real estate . . . in a manner that reduces its value" or "fails to maintain and repair the real estate in a reasonable manner"[3] (Rest.3d, Property, Mortgages, § 4.6(a)(1) & (a)(2)). Instead, courts have interpreted

---

[3] Because section 526a does not incorporate the common law standard for waste, Mohler's reliance on *Hickman v. Mulder* (1976) 58 Cal.App.3d 900, which applies that standard, is misplaced.

4

section 526a's prohibition against waste more narrowly. When the California Supreme Court first addressed the term "waste" in 1925, almost 16 years to the day after section 526a was enacted, it equated waste with the "useless expenditure" of public funds. (*Harnett v. Sacramento County* (1925) 195 Cal. 676, 683.) Sixty years later, when the Supreme Court next addressed the term, it observed that under section 526a waste " 'means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion.' " (*Sundance v. Municipal Court* (1986) 42 Cal.3d 1101, 1138 (*Sundance*), quoting *City of Ceres v. City of Modesto* (1969) 274 Cal.App.2d 545, 555 (*Ceres*).) Thus, section 526a's prohibition against waste "does not . . . apply to the vast majority of discretionary decisions made by state and local units of government." (*Chiatello*, *supra*, 189 Cal.App.4th at pp. 482-483.) Instead, it applies to expenditures that "provide[] no public benefit" (*Sundance*, *supra*, at p. 1139), are " 'totally unnecessary' " or " 'useless' " (*County of Ventura v. State Bar* (1995) 35 Cal.App.4th 1055, 1059), or impose significant additional cost "without . . . any additional public benefit" (*Los Altos Property Owners Assn. v. Hutcheon* (1977) 69 Cal.App.3d 22, 30).

This restrictive interpretation of waste is compelled by separation of powers considerations. One of "[t]he core functions of the legislative branch" is "making appropriations." (*Carmel Valley Fire Protection Dist. v. State of California* (2001) 25 Cal.4th 287, 299.) Accordingly, the Supreme Court has admonished courts to "not interfere with [a] County's legislative judgment on the ground that the County's funds could be spent more efficiently." (*Sundance*, *supra*, 42 Cal.3d at p. 1139.) Similarly, courts should not " 'take judicial cognizance of disputes which are primarily political in nature' " or attempt to enjoin " 'every expenditure which does not meet with a taxpayer's approval.' " (*Ibid*, quoting *Ceres*, *supra*, 274 Cal.App.2d at p. 555.) Such a broad interpretation of waste, the Supreme Court recognized, " 'would invite constant harassment of city and county officers" and "could seriously hamper our representative

5

form of government at the local level.' " *(Ibid*, quoting *Ceres*, *supra*, 274 Cal.App.2d at p. 555.)

Mohler's contention that section 526a should be interpreted expansively to cover all "intentional waste" cannot be reconciled with the Supreme Court's much more limited interpretation and the separation of powers considerations underlying that interpretation. A local government rationally and legitimately may decide that a facility such as a batting cage, a skateboard park, a community theater, or even a school is not worth maintaining because due to changing demographics or tastes it is no longer used by enough people, or because there is a severe budget crisis requiring funds to be devoted to other, more important matters. While such decisions may allow government property to fall into disrepair intentionally, section 526a should not be interpreted to authorize courts to interfere with such quintessentially legislative judgments about government spending. When a local government decides rationally and legitimately that a property is no longer worth maintaining, the remedy for those disagreeing with that decision is in the political process, not the courts.

It is true that California courts have "consistently construed section 526a broadly to achieve [its] remedial purpose." (*Blair*, *supra*, 5 Cal.3d at p. 268.) Section 526a's remedial purpose, however, is not to allow courts to second guess legislative judgments on government spending. (*Sundance*, *supra*, 42 Cal.3d at p. 1139.) Its purpose is to expand standing and thereby enable citizens to challenge government actions that " 'would otherwise go unchallenged because of the standing requirement.' " (*Blair*, *supra*, at p. 268; but see *Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1250 [noting that in some ways Section 526a "narrow[ed] the category of taxpayers able to sue to enjoin certain expenditures of governmental funds"].) Accordingly, the Supreme Court has broadly interpreted the *standing* provisions of Section 526a (*Blair*, *supra*, at pp 268-270), not its substantive restrictions.

6

Mohler also advances a narrower argument: a local government commits waste under section 526a when its failure to maintain government property is so thoroughly unjustified that it rises "to the level of fraud, corruption, or collusion." That may be correct. The Supreme Court has stated that a court applying section 526a "must not close its eyes to wasteful, improvident and completely unnecessary public spending." (*Sundance*, *supra*, 42 Cal.3d at p. 1139, quoting *Ceres*, *supra*, 274 Cal.App.2d at p. 555.) By analogy, in some circumstances a local government's failure to maintain or repair a property may be so completely irrational or lacking any legitimate justification that it constitutes waste.

Mohler, however, has not alleged such circumstances. Far from suggesting that the County acted irrationally, she alleged that the County decided to stop maintaining the Reid-Hillview Airport for a reason: "[t]he County's current business plan promotes non-aviation use of [the airport's] land," and "[i]n furtherance of its plan, the County has allowed [the airport] to fall into disrepair." There is nothing irrational or illegitimate about reducing or avoiding maintenance expenses, especially long-term ones, on a property whose use may change. While not fully maintaining an airport may allow it to fall into disrepair and reduce its value as an airport, such disrepair may not affect the property's value for other uses, such as for a housing complex or a retail development, that require extensive investment and alteration. Indeed, if restricted maintenance and repair of a property would not affect its value for another use, it may be wasteful to incur full maintenance and repair costs once the decision to change the property's use has been made. Section 526a does not authorize courts to second guess such decisions. Thus, Mohler has failed to state a cause of action under section 526a based on the County's failure to maintain the Reid-Hillview Airport.

The conclusion might be different if Mohler had shown that the County has a duty to continue operating the Reid-Hillview Airport indefinitely and therefore lacked any

7

legitimate justification for not maintaining it as an airport. Mohler, however, has chosen not to assert such a duty and to argue instead that she is not required to show any duty.

B. *Dangerous Conditions*

In her briefs, Mohler argues in the alternative that the County committed waste under section 526a by failing to maintain taxiways and runways because it has a duty as a government property owner to prevent dangerous conditions.[4] It is not clear that Mohler adequately raised this argument in the trial court: while she asserted a duty to maintain the Reid-Hillview Airport in a safe manner, she did so only in passing. In any event, even if this argument was properly raised, it fails because the complaint does not adequately allege any dangerous conditions at the Reid-Hillview Airport.

While Mohler makes general allegations that the Reid-Hillview Airport has fallen "into disrepair" and not been maintained in "a serviceable condition," under section 526a " '[g]eneral allegations, innuendo, and legal conclusions are not sufficient [citation]; rather, the plaintiff must cite specific facts and reasons' " demonstrating an " 'illegal expenditure or injury to the public fisc.' " (*County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119, 130.) Mohler has not satisfied this requirement. In asserting that there are dangerous conditions at the airport, Mohler points to allegations that, as a result of the County's failure to perform maintenance, taxiways and runways have become "overgrown with weeds over 6 inches in height" and that the weeds have made "cracks and holes in the asphalt" and their root systems have created "bumps and soft spots" in the asphalts. Mohler also notes allegations concerning vegetation and trash that have "accumulate[d] around the perimeter of the airport."

---

[4] At oral argument, Mohler also asserted that Civil Code section 1714, California Code of Regulations, title 21, section 3542, subdivisions (e) and (f), the County's Roads and Airports Department website, and Santa Clara County Ordinance, section A13-13, each impose a duty on the County to maintain Reid-Hillview Airport. As these arguments were raised for the first time at oral argument, we do not consider them. (See, e.g., *Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 291 fn. 2.)

These allegations do not show dangerous conditions. While public entities have a duty to protect against dangerous conditions (Gov. Code, § 835), a condition qualifies as dangerous in this context only if it "creates a substantial (as distinguished from a minor, trivial, or insignificant) risk of injury" (*Id*., § 830, subd. (a)). Mohler has not alleged such a risk. While the complaint alleges that there are weeds on taxiways and runways, and that the pavement has cracks, bumps, and soft spots, notably absent from the complaint is any allegation that these conditions create a substantial risk of injury. To the contrary, while the photos embedded in the complaint show tall grasses and weeds in some parts of the airport in the one photo of a runway, there are no potholes or other apparent hazards, nor even any discernible vegetation, on the runway itself. Similarly, the allegation that the County has allowed some hangars to rust and that rust drips down onto aircraft parked below does not show a substantial risk of injury. As a consequence, the complaint fails to allege any dangerous condition, especially under the heightened pleading standard applicable to claims against government entities. (See, e.g., *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795; see also *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439 ["claim alleging a dangerous condition may not rely on generalized allegations [citation] but must specify in what manner the condition constituted a dangerous condition."].) Here again, Mohler fails to state a cause of action for waste under section 526a.

Because the complaint does not adequately allege dangerous conditions, we need not reach the County's arguments that Mohler is attempting improperly to enforce grant assurances made by the County to the Federal Aviation Administration or that this Court should abstain from considering any claim of dangerous conditions at Reid-Hillview Airport in deference to the administrative remedies available before the agency. In addition, because the complaint fails to state a cause of action under section 526a, we need not consider whether the relief requested by Mohler is impermissibly vague.

9

C. *Leave to Amend*

Mohler also argues that the trial court abused its discretion in denying her leave to amend. Where a demurrer was sustained without leave to amend, "[t]he plaintiff bears the burden of proving an amendment could cure the defect." (*Novartis*, *supra*, 4 Cal.5th at p. 162.) Mohler has not satisfied this burden. While she offers to plead additional facts to support her claim of "intentional waste" and to "articulate … with an amendment" the County's duty to maintain the Reid-Hillview, she fails to describe what additional facts she would plead. As a consequence, she has not satisfied her burden of showing that she can amend the complaint to cure its defects.

### III. DISPOSITION

The trial court's judgment is affirmed.

10

                                            _____

                                            BROMBERG, J.

WE CONCUR:

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

_____
WILSON, J.

*Mohler v. County of Santa Clara et al*
H049994

Filed 6/8/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANISSA MOHLER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SANTA CLARA et al.,<br><br>    Defendants and Respondents. | H049994<br>(Santa Clara County<br> Super. Ct. No. 21CV384330) |

BY THE COURT:

The opinion in the above-entitled matter filed on May 10, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.

1

Dated: _____
                              BAMATTRE-MANOUKIAN, ACTING P.J.




_____
BROMBERG, J.




_____
WILSON, J.




*Mohler v. County of Santa Clara et al.*
H049994

2

Trial Court:                                    Santa Clara County
                                                Superior Court No.:  21CV384330


Trial Judge:                                    The Honorable Christopher G. Rudy



Attorney for Plaintiff and Appellant            McManis Faulker
Anissa Mohler:
                                                James McManis
                                                Matthew Schechter
                                                Tyler Atkinson
                                                Cherrie Tan



Attorneys for Defendants and Respondents        Office of the County Counsel
County of Santa Clara et al.:
                                                James R. Williams,
                                                County Counsel

                                                Xavier M. Brandwajn,
                                                Deputy County Counsel

*Mohler v. County of Santa Clara et al.*
H049994